**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION,<br>49 Flatbush Avenue #1017<br>Brooklyn, NY 11217<br><br>*Plaintiff*,<br>v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>*Defendant.* | CIVIL ACTION NO. 26-cv-03927<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiff Freedom of the Press Foundation ("Plaintiff" or "FPF") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of Justice ("DOJ") to meet its legal obligations and disclose documents requested. Specifically, Plaintiff is seeking documents related to Skydance CEO David Ellison and his father and financial backer, Larry Ellison, that are contained within the Epstein Files.
2. Defendant has performed an inadequate search and has wrongly withheld documents responsive to Plaintiff's FOIA request.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys 'fees under 5 U.S.C. § 552(a)(4)(E).

## **<u>Parties</u>**

7. Plaintiff, Freedom of the Press Foundation, is a national non-profit section 501(c)(3) organization dedicated to press freedom, government accountability, and the public's right to know. FPF regularly submits FOIA requests to gather information to educate the public about matters key to its mission, including government corruption and secrecy. The organization is incorporated under the laws of California. FPF also regularly publishes a newsletter which details updates and news related to its mission, including stories related to FOIA documents FPF obtains.

8. Among other public interest projects, FPF in 2023 announced the creation of the Daniel Ellsberg chair on government secrecy, a new position focusing on highlighting and fighting the many ways the government keeps secrets – from the press, the public, and congressional overseers. In furtherance of this program, Lauren Harper, FPF's first Daniel Ellsberg Chair on Government Secrecy, submitted the FOIA requests at issue in this matter and has generated original reporting a variety of transparency and press freedom related issues.

9. Defendant DOJ is an agency of the United States under 5 U.S.C. § 552(f)(1). DOJ is located at 930 Pennsylvania Ave, N.W., Washington, DC 20530, and has possession and control over the records Plaintiff has requested.

10. The Office of Information Policy ("OIP"), the Executive Office of U.S. Attorneys ("EOUSA"), and the Office of the Attorney General ("OAG") are components of DOJ.

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Defendant's refusal to provide Plaintiff with the records requested is a violation of FOIA.

## STATEMENT OF FACTS

12. Beginning in November 2018, Miami Herald reporter Julie K. Brown published a groundbreaking investigative journalism series revealing years of sexual abuse perpetrated by wealthy, well-connected financier, Jeffrey Epstein.[1]

13. The Herald's reporting revealed that Epstein had abused hundreds of girls and women over the course of two decades.[2]

14. The Herald also established that though Epstein had been investigated and arrested previously, he was given a sweetheart plea deal by Alexander Acosta, who had been appointed to run the Department of Labor under Donald Trump's first administration.[3]

15. As a result of the Miami Herald's reporting, the investigation of Jeffrey Epstein was re-opened.[4] Epstein was arrested. He later died in his jail cell.[5]

---

[1] *Perversion of Justice: Jeffrey Epstein*, Miami Herald, https://www.miamiherald.com/topics/jeffrey-epstein/ (last visited Oct. 27, 2026).

[2] Id.

[3] Id.

[4] Miami Herald, *Miami Herald Reporter Wins Lifetime Achievement Award for Breaking Epstein Story*, Miami Herald (Sept. 17, 2025), https://www.miamiherald.com/news/local/community/miami-dade/article312145911.html

[5] Tom Winter, Jonathan Dienst & Phil McCausland, *Jeffrey Epstein Is Dead by Apparent Suicide in Federal Jail; Justice Department Investigating*, NBC News (Aug. 10, 2019), https://www.nbcnews.com/news/us-news/jeffrey-epstein-found-dead-nyc-jail-n1041081

16. Epstein maintained relationships with dozens, if not hundreds, of powerful individuals in industry, politics, the art world, and other spheres,[6] but only one of them has ever been convicted of crimes related to Epstein's sex trafficking and abuse – Ghislaine Maxwell, who was convicted of sex trafficking and several other charges and is currently serving a twenty-year sentence.[7]

17. Many of Epstein's associates, including those accused of abuse by underage victims, continue to occupy prominent positions in public life.[8]

18. In an effort to shed light on Epstein and his associates, Congress passed the Epstein Files Transparency Act ("EFTA") in November 2025.[9]

19. The EFTA requires the DOJ to make the vast majority of its Epstein-related files available to the public.[10]

20. The statute only allows for a few narrow withholdings. The Attorney general may withhold or redact the segregable portions of records that—

    1. contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

---

[6] Carmen Aguilar García et al., *Jeffrey Epstein's Elite Relationships Visualised: The Prince, the Billionaire and the Politicians*, The Guardian (Mar. 18, 2026), https://www.theguardian.com/us-news/ng-interactive/2026/mar/18/jeffrey-epsteins-elite-relationships-visualised-the-prince-the-sultan-and-the-politicians

[7] Edward Helmore, *US Supreme Court Declines to Hear Ghislaine Maxwell's Appeal of Sex-Trafficking Conviction*, The Guardian (Oct. 6, 2025), https://www.theguardian.com/us-news/2025/oct/06/ghislaine-maxwell-supreme-court-appeal

[8] Philip Marcelo, *A List of Powerful Men Named in the Epstein Files, From Elon Musk to Former Prince Andrew*, PBS News (Feb. 1, 2026), https://www.pbs.org/newshour/nation/a-list-of-powerful-men-named-in-the-epstein-files-from-elon-musk-to-former-prince-andrew

[9] Epstein Files Transparency Act, Pub. L. No. 119-38, 139 Stat. 656 (2025).

[10] Id.

2. depict or contain child sexual abuse materials (CSAM) as defined under 18 U.S.C. 2256 and prohibited under 18 U.S.C. 2252–2252A;
3. would jeopardize an active federal investigation or ongoing prosecution, provided that such withholding is narrowly tailored and temporary;
4. depict or contain images of death, physical abuse, or injury of any person; or
5. contain information specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified pursuant to such Executive order.[11]

21. The EFTA also plainly states that "No record shall be withheld, delayed, or redacted on the basis of embarrassment, reputational harm, or political sensitivity, including to any government official, public figure, or foreign dignitary."[12]

22. Despite Congress' clear intentions, the DOJ has withheld an estimated 2.5 – 3 million pages that are subject to the EFTA.[13]

23. The agency has publicly asserted that it is withholding some of the Epstein Files under exemptions or privileges, like the attorney-client privilege and grand jury secrecy rules,[14] that are explicitly forbidden under the EFTA.

---

[11] Epstein Files Transparency Act, Pub. L. No. 119-38, § 2, 139 Stat. 656, 656–58 (2025).

[12] Id.

[13] James Hill et al., *DOJ Releasing 3 Million Pages of Epstein Files, 'Didn't Protect' Trump, Deputy AG Says*, ABC News (Jan. 30, 2026), https://abcnews.com/US/doj-releasing-additional-material-epstein-files/story?id=129680518

[14] Press Release, U.S. Dep't of Just., *Department of Justice Publishes 3.5 Million Responsive Pages in Compliance with the Epstein Files Transparency Act* (Jan. 30, 2026), https://www.justice.gov/opa/pr/department-justice-publishes-35-million-responsive-pages-compliance-epstein-files

24. The EFTA does not preempt or replace FOIA. "The Epstein Act is a standalone piece of legislation. It does not reference FOIA or modify the FOIA provisions of the United States Code." *Phang v. Blanche*, 836 F. Supp. 3d 90, 109 (D.D.C. 2026).

25. Within the publicly available documents disclosed under the ETFA is a transmittal memorandum from outside counsel representing Deutsche Bank describing their production of an encrypted file labeled DB-SDNY-PROD011 containing subpoenaed documents with a Bates range from DB-SDNY-0028783 to 0037559.[15]

26. The memorandum states, "This letter and the enclosed document production represent the eleventh submission in our client's rolling response to the Subpoena."[16] It goes on to describe the categories of records enclosed with the memorandum, their relation to the classes of information subpoenaed by DOJ, and thus their contextual relevance for the Epstein investigation.

27. This language, and the filename ending "PROD011," indicate that ten prior productions exist from Deutsche Bank.

28. Presumably, such productions would have necessitated similar memorandum explaining documents with Bates numbers lower than DB-SDNY-0028783. The eight underlying records mentioned in the initial FPF request are all stamped with slightly lower numbers.

---

[15] Letter from Akin Gump Strauss Hauer & Feld LLP, Couns. for Deutsche Bank AG, to Assistant U.S. Att'y, U.S. Att'y's Off. for the S. Dist. of N.Y. 1 (Nov. 19, 2019) (regarding July 11, 2019 grand jury subpoena to Deutsche Bank) (EFTA00015937), https://www.justice.gov/epstein/files/DataSet%208/EFTA00015937.pdf

[16] Id.

29. These underlying records are bank records that detail large payments referencing David Ellison (or David F. Ellison) or the Lawrence Ellison Foundation, which was founded by David's father, Lawrence (Larry) or Skydance Films or Skydance Entertainment Group.[17]

30. David Ellison is CEO of the Skydance media corporation, which recently acquired Warner Bros. Discovery. Skydance controls several news networks, including CNN and CBS News.[18]

31. Because of its interest in David Ellison's connections to Jeffrey Epstein, FPF submitted a FOIA request for documents related to the above-mentioned bank records.

32. Congress is now debating a second Epstein Files Transparency Act,[19] and David Ellison's company has very recently completed its acquisition of Warner Bros. Discovery (on October 6, 2026).[20]

33. A September 2026 consent decree between twelve attorneys general and Paramount Skydance allowed the company to compete its merger with Warner Bros. Discovery. The newly combined entity was called Skydance. The consent decree requires, within 180 days, the appointment of a News Editorial Independence Board to oversee CNN and CBS News. Appointments to the News Editorial Independence Board are made by the Skydance Board of

---

[17] See e.g. *Incoming/Outgoing Wires, Checks and ACH Report* 1 (May 9, 2018) (EFTA01299451) (released by U.S. Dep't of Just. pursuant to the Epstein Files Transparency Act), https://www.justice.gov/epstein/files/DataSet%2010/EFTA01299451.pdf

[18] Gaya Gupta, *Paramount Completes $111bn Acquisition of Warner Bros to Form New Media Empire Skydance*, The Guardian (Oct. 6, 2026), https://www.theguardian.com/business/2026/oct/06/paramount-warner-bros-skydance-merger

[19] *Epstein Files Transparency Act II*, H.R. 9694, 119th Cong. (2026).

[20] Press Release, Skydance Corp., *Paramount Completes Acquisition of Warner Bros. Discovery, Creating a New Global Entertainment Leader, Skydance* (Oct. 6, 2026), https://www.skydance.com/news/press/paramount-completes-acquisition-of-warner-bros-discovery-creating-a-new-global-entertainment-leader-skydance

Directors. The Ellison family owns 100% of voting shares in the newly combined entity. Consequently, the Ellisons control appointments to the News Editorial Independence Board as it sets guidelines and resolves disputes related to coverage of the Epstein files, including references to themselves.[21]

34. These factors add urgency to FPF's FOIA request.

Plaintiff's FOIA Request

35. On September 9, 2026, FPF submitted its FOIA request ("FOIA Request") to the EOUSA, AG, and FBI via portal. Specifically, FPF requested *"Copies of all transmittal memoranda, cover letters, production indices, or formal subpoena compliance letters from Deutsche Bank (or its legal representatives) that accompanied or described the production of bank records falling within the following Bates numbers:*

1. *DB-SDNY-0028272 (also referenced as: EFTA01299451, SDNY_GM_00065447, EFTA_00175947) which mentions, inter alia, "DAVID F ELLISON" as seen here: https://www.justice.gov/epstein/files/DataSet%2010/EFTA01299451.pdf*

2. *DB-SDNY-0028644 (also referenced as: EFTA01299722, SDNY_GM_00065819, EFTA_00176319) which mentions, inter alia, "DAVID F ELLISON" as seen here: https://www.justice.gov/epstein/files/DataSet%2010/EFTA01299722.pdf*

3. *DB-SDNY-0028452 (also referenced as: EFTA01299584, SDNY_GM_00065627, EFTA_00176127) which mentions, inter alia, "David F. Ellison" as seen here: https://www.justice.gov/epstein/files/DataSet%2010/EFTA01299584.pdf*

---

[21] Id.

4. *DB-SDNY-0028365 (also referenced as: EFTA01299522, SDNY_GM_00065540, EFTA_00176040) which mentions, inter alia, "DAVID F ELLISON" as seen here: https://www.justice.gov/epstein/files/DataSet%2010/EFTA01299522.pdf*

5. *DB-SDNY-0028634 (also referenced as: EFTA01299714, SDNY_GM_00065809, EFTA_00176309) which mentions, inter alia, "DAVID ELLISON" as seen here: https://www.justice.gov/epstein/files/DataSet%2010/EFTA01299714.pdf*

6. *DB-SDNY-0028214 (also referenced as: EFTA01299421, SDNY_GM_00065389, EFTA_00175889) which mentions, inter alia, "DAVID F ELLISON" as seen here: https://www.justice.gov/epstein/files/DataSet%2010/EFTA01299421.pdf.*

7. *DB-SDNY-0028541 (also referenced as: EFTA01299649, SDNY_GM_00065716, EFTA_00176216) which mentions, inter alia, "DAVID ELLISON," "SKYDANCE FILMS INC," and "SKYDANCE ENTERTAINMENT GROUP" as seen here: https://www.justice.gov/epstein/files/DataSet%2010/EFTA01299649.pdf*

8. *DB-SDNY-0028327 (also referenced as: EFTA01255972, SDNY_GM_00065502, EFTA_00176002) which mentions, inter alia, "THE LAWRENCE ELLISON FOUNDATION" as seen here: https://www.justice.gov/epstein/files/DataSet%209/EFTA01255972.pdf."*

36. To guide the agency in its search, FPF provided the following additional information: *[T]he requested records originate from the following systems of records and investigative matters:*

1. *United States v. Jeffrey Epstein, No. 1:19-cr-00490 (S.D.N.Y.)*

2. *United States v. Ghislaine Maxwell, No. 1:20-cr-00330 (S.D.N.Y.)*

3. *Grand jury subpoenas issued by the U.S. Attorney's Office for the Southern District of New York (USAO-SDNY) to Deutsche Bank in 2019 (including the July 11, 2019 subpoena)."*

37. In its FOIA Request, FPF asked for news media fee status, as well as expedited processing.

38. On September 9, 2026, via email, EOUSA acknowledged receipt of the FOIA Request and assigned it tracking number EOUSA-2026-005307.

39. On the same day, EOUSA sent FPF a communication claiming that EOUSA did not possess the relevant records and routing the request, instead, to OIP.

40. On September 15, 2026, the FBI acknowledged FPF's FOIA Request and assigned it tracking number FOIPA Request No.: 1756738-000.

41. On the same day, the FBI denied FPF's request for expedited processing.

42. FPF's request to OAG was processed by OIP under the index number FOIA-2026-04773, which was jointly resolved with the tracking number EOUSA-2026-005307.

43. On September 22, 2026, the FBI also responded, also directing FPF's FOIA Request to OIP.

44. On September 15, 2026, before the FBI's portion of the request was routed to OIP, OIP responded to the portions of FPF's FOIA Request that had been submitted to EOUSA and OAG.

45. In its September 15 communication, OIP asserted, via what appears to be a form letter, that "the Department of Justice has disclosed all non-exempt materials responsive to the Epstein Files Transparency Act (EFTA)."

46. In its September 15 communication, OIP then asserted that some materials were exempt under the EFTA and that others were exempt under FOIA Exemptions 3, 5, 6, 7(A), and 7(C).

47. In its September 15 communication, OIP also stated, "Additionally, please be advised that a portion of the responsive records are protected from disclosure by a court seal issued by the United States District Court for the Southern District of New York. For this reason, this Office lacks authority to consider the releasability of this information under the FOIA."

48. On September 16, 2026, FPF filed its appeal with OIP. FPF challenged the sufficiency of the agency's search, as well as its assertion of exemptions.

49. On September 23, 2026, OIP acknowledged FPF's appeal and assigned it tracking number A-2026-02649.

50. On October 8, 2026, OIP again responded. This time it denied the FBI portion of the request, using identical language to its September 15, 2026, communication.

51. To date, OIP has not responded substantively to FPF's September 16, 2026, appeal of its unlawful withholdings.

52. More than 20 business days have passed since FPF filed its appeal, so this matter is now ripe for litigation.

**COUNT ONE:**

***Violation of Statutory Deadline***

53. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

54. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and

to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

55. FOIA requires agencies to make an appeal determination within 20 working days after the receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

56. Twenty working days from September 16, 2026 (the date FPF submitted its FOIA appeal) was October 15, 2026. As of the date of this filing, Plaintiff has received no response to its FOIA appeal.

57. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its September 9, 2026, FOIA request, FPF now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## <u>COUNT TWO</u>

***Unlawful Withholding of Agency Records***

58. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

59. Defendant FBI has unlawfully withheld records responsive to Plaintiff's FOIA Request.

60. Defendant has wrongly claimed that these documents are categorically exempt under 5 U.S.C. § 552(b)(3), U.S.C. § 552(b)(5), U.S.C. § 552(b)(6), 5 U.S.C. § 552(b)(7)(A), and 5 U.S.C. § 552(b)(7)(C).

61. Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. §552(a)(6)(C)(i).

## <u>COUNT THREE</u>

***Denial of Expedited Processing***

62. In its September 9, 2026, FOIA request, FPF requested expedited processing of its FOIA request.

63. FPF properly sought expedited processing from Defendant because of the urgency to inform the public about actual or alleged Federal Government activity around a matter of widespread and exceptional public and media interest.

64. The EFTA itself supports the existence of widespread public and media interest, and other reviewing courts have acknowledged "the current high level of interest in the Epstein Files" in granting preliminary relief for material subject to that Act. *Phang v. Blanche*, 836 F. Supp. 3d 90, 112 (D.D.C. 2026).

65. FPF is primarily engaged with disseminating information.

66. Defendant wrongfully denied FPF's request for expedited processing.

67. An agency's denial of a request for expedited processing or failure to respond within 10 calendar days to a request for expedited processing is subject to judicial review based on the record before the agency at the time of the determination. 5 U.S.C. § 552(a)(6)(E)(iii).

68. By denying Plaintiff's request for expedition and failing to expeditiously release all requested non-exempt records to Plaintiff, Defendant is in violation of FOIA.

69. Accordingly, Plaintiff is entitled to injunctive and declaratory relief requiring Defendant to process and disclose all non-exempt requested records on an expedited basis.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Order Defendant to conduct a search reasonably calculated to locate all records responsive to Plaintiff's FOIA request;

iii. Order Defendant DOJ to grant expedited processing of FPF's FOIA request and immediately and fully disclose all non-exempt documents responsive to that request;

iv. Order Defendant to expeditiously produce all responsive, nonexempt records and all reasonably segregable portions of responsive records, within a timeframe established by the Court;

v. Enjoin Defendant from continuing to withhold any responsive agency records, or portions thereof, that are not exempt from disclosure under FOIA;

vi. Order Defendant to provide a sufficiently detailed justification for any records or portions of records withheld pursuant to claimed FOIA exemptions, including, as appropriate, a Vaughn index;

vii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

viii. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

ix. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on November 5, 2026.

s/ *Ginger P. McCall*________
Ginger McCall
DC Bar # 1001104
ginger@freeinformationgroup.com

Kevin H. Bell
DC Bar # 90015600
kevin@freeinformationgroup.com

Free Information Group, PLLC
1100 13th St. NW, Ste. 800
Washington, DC 20005
(202) 946-3642
*Attorneys for Plaintiff*